IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BARBARA MARIE FRANTZ,

    **Plaintiff,**

v.                        CASE NO. 24-3068-JWL

JEFF ZMUDA, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Topeka Correctional Facility in Topeka, Kansas (TCF). The Court granted Plaintiff leave to proceed in forma pauperis. On July 30, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 9) ("MOSC") ordering Plaintiff to show good cause why her Complaint should not be dismissed for the reasons set forth in the MOSC or to file an amended complaint to cure the deficiencies. This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 10). The Court's screening standards are set forth in the Court's MOSC.

**I. Nature of the Matter Before the Court**

As Count I of her Amended Complaint, Plaintiff alleges "deliberate indifference to health and safety—exposure to mold, toxins, etc. without proper ventilation cruel and unusual punishment." (Doc. 10, at 4.) For her supporting facts, Plaintiff states: "Stauch v. Zmuda, et al. case no. 24-3027-JWL Report in 'Martinez vs Aaron' Count 2; Exhibits incorporating facts in support for claims for relief." *Id.*

As Count II, Plaintiff claims "deliberate indifference to health and safety—food and nutrition 8th – cruel and unusual punishment." *Id*. For her supporting facts, she states "See: Exhibits." *Id*.

Plaintiff names as defendants: Jeff Zmuda, Kansas Department of Corrections ("KDOC") Secretary of Corrections; Donna Hook, TCF Warden; and Aramark Food Service. Plaintiff seeks "declaratory relief and injunctive relief." *Id*. at 6.

Under the "Nature of the Case" section of her Amended Complaint, Plaintiff states:

> Plaintiff continues claims under class action. Plaintiff was exposed to mold, toxins, and improper ventilation. Plaintiff housed in I-Max since April 22, 2021. Contaminated water on January 14th, 2024. Exposed to human feces on a daily coming into cells from neighboring cells. No hot water in resident cell sinks. Exposure to mold smells—inadequate ventilation—inhaling toxins where air ducts are never cleaned. Plaintiff having substantially serious medical conditions—permanent injury worsening from denial of medical care by concealment Case No. 23-3246-JWL (appeal 24-3032 pending).[1] Plaintiff subjected to inhumane prison conditions, with exposure to such ongoing contaminants on a daily basis. Food is constantly cold, for hot foods. Raw and uncooked meat is a regular occurrence. The portion size has greatly reduced since intake 7-23-2020 at TCF.
>
> Plaintiff deprived prison grievance system and has obtained maintenance for attempts to reduce the amount of human feces from neighboring cell, but maintenance states this issue "can't be fixed." Plaintiff forced to live with daily feces, from other residents, in her toilet, for hours at a time breathing in others [sic] human waste, where she already suffers from substantially serious medical needs putting her at an even greater risk of substantial serious harm.
>
> The length of the exposure being several years furthering her health issues she came into TCF with obvious life[-]threatening medical conditions and permanent injury she has seeked [sic] with current pending appeal with U.S. Court of Appeals for the Tenth Circuit Case No. 24-3032, for relief.

---

[1] The Court notes that Case No. 23-3246-JWL was dismissed for failure to state a claim and the Tenth Circuit Court of Appeal affirmed the dismissal "for substantially the same reasons set forth in the district court's order." *Frantz v. Kansas*, Case No. 23-3246-JWL, Doc. 46, at 4 (D. Kan.).

> Plaintiff states she is denied access to civil law jail house lawyer by the facility, serving Ms. Stauch punishments for helping other residents with prison conditions lawsuits.

(Doc. 10, at 2–3.)

Plaintiff also attaches a copy, and indicates she is incorporating, the Report in "Martinez vs Aaron" Investigation Civil Rights Complaint filed in *Stauch v. Zmuda*, Case No. 24-3027-JWL. (Doc. 10–9.) Plaintiff also attaches and incorporates a copy of Stauch's response in Case No. 24-3027. (Doc. 10–10.)

## II. DISCUSSION

The Court held in the MOSC that Plaintiff asserts the same claims that were alleged in *Stauch v. Zmuda*, Case No. 24-3027-JWL, where Plaintiff filed a motion seeking joinder. The Court ordered a *Martinez* Report regarding these claims in *Stauch*. The Court noted in the MOSC that after reviewing the *Martinez* Report (the "Report"), the Court entered a Memorandum and Order ("M&O II") in *Stauch* finding that the claims were subject to dismissal. *See Stauch v. Zmuda*, Case No. 24-3027-JWL, Memorandum and Order at Doc. 27 (D. Kan. July 29, 2024).

The Court found in the MOSC that Plaintiff's claims, which she argued are the same as those set forth in *Stauch*, were subject to dismissal for the same reasons set forth in the M&O II entered in *Stauch*. The Court's MOSC ordered Plaintiff to show good cause why her claims should not be dismissed for failure to state a claim or to file an amended complaint to cure the deficiencies.

Plaintiff's Amended Complaint continues to reference the claims in Stauch, and Plaintiff incorporates the Report filed in *Stauch* and Stauch's response to the M&O II entered in that case. The Court finds that Plaintiff's Amended Complaint fails to state a claim for relief. The Court

3

has dismissed these same claims that were asserted in *Stauch*. *See Stauch v. Zmuda*, Case No. 24-3027-JWL, Memorandum and Order at Doc. 29 (D. Kan. Oct. 31, 2024). The Court reviewed Stauch's response in that case—which Plaintiff has incorporated in this case—and found that Stauch failed to show good cause why these claims regarding the conditions at TCF should not be dismissed. The Court's Memorandum and Order dismissing these claims in the *Stauch* case provides that:

> The Court found in the M&O II that Plaintiff fails to give specific instances or examples to support most of her claims, and fails to show that any defendant was deliberately indifferent to her health or safety with regard to the conditions set forth above. The Court granted Plaintiff an opportunity to respond to the Report and to show good cause why her claims regarding these conditions at TCF should not be dismissed for failure to state a claim. Plaintiff either failed to respond regarding certain conditions, or responded with bald conclusions that lack any specific factual support. A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citation omitted).
> Plaintiff has failed to show good cause why her claims in Count II regarding her conditions of confinement at TCF should not be dismissed for failure to state a claim.

*Id*. at 12–13.

The Court finds that Plaintiff's claims in this case should be dismissed for the same reasons set forth in the Memorandum and Order quoted above dismissing these same claims in *Stauch*. Plaintiff likewise makes conclusory allegations without supporting factual averments. Plaintiff does attach a grievance in which she claims that on April 13, 2024, J-Cell inmates

4

received onion rings with their cheeseburger, while I-Cell inmates received "cold state french fries." (Doc. 10–2, at 1.) Plaintiff attaches another grievance dated June 24, 2024—after this action was filed—claiming that residents of 1-B "did not have any protein on our breakfast trays this morning." (Doc. 10–4, at 1.) The grievance further provides that "Residents are not receiving the adequate calories required[,] denial of adequate nutrition, food is cold, uncooked at times, frozen, smells bad as out of dated [sic] spoiled." *Id*. The response to the grievance indicates the issue regarding the lack of a protein on the breakfast tray was immediately addressed with the Aramark Supervisor. *Id*. at 2.

Other than the lack of a protein at one meal and cold french fries at another meal, Plaintiff has failed set forth specific instances of low-calorie, cold, or otherwise inadequate food. "With regard to food, the courts have concluded, the Eighth Amendment requires only that prisoners receive food that is adequate to maintain health . . . [i]t need not be tasty or aesthetically pleasing." *Cardenas v. Dep't of Corr.*, 2016 WL 9818335, at *3 (D. N.M. 2016) (citation omitted). "The Eighth Amendment requires prison officials to provide nutritious meals; however, a prisoner must allege a serious injury caused by the provision of inadequate food to state a claim under the Eighth Amendment." *Simmons v. Crawford Cty. Jail*, 2009 WL 773307, at *2 (D. Kan. 2009) (citing *Wilson v. Seiter,* 501 U.S. 294, 298 (1991)). "Likewise, the courts have found no constitutional violation where only an occasional instance of an inadequate diet is alleged." *Id*. (citation omitted).

Plaintiff's Amended Complaint in this case fails to show that a defendant was deliberately indifferent regarding her conditions of confinement. In fact, she fails to allege how any defendant personally participated in the alleged violation of her rights and fails to even mention a defendant in the body of her Amended Complaint. An essential element of a civil

5

rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based.  *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)).  Conclusory allegations of involvement are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.  Because Plaintiff fails to state a claim, it would be futile to allow her to amend to show personal participation.

The Court's MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter may be dismissed without further notice for failure to state a claim."  (Doc. 9, at 16.)  Plaintiff's Amended Complaint fails to state a claim for relief.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

6

**IT IS SO ORDERED**.

**Dated October 31, 2024, in Kansas City, Kansas.**

                                            **S/ John W. Lungstrum**
                                            **JOHN W. LUNGSTRUM**
                                            **UNITED STATES DISTRICT JUDGE**